42 So.2d 246

**JACKSON et al. v. DOWNEY et al.**

6 Div. 834.

Supreme Court of Alabama.

June 16, 1949.

Rehearing Denied Oct. 20, 1949.

650

J. Paul Meeks and Ingram Beasley, of Birmingham, for appellants.

Thos. E. Huey, Jr., of Birmingham, for appellees.

651

operation merely because it may become a nuisance.

■ It is, of course, conceded that if it is impossible for the court to ascertain until the construction has been completed and the operation of the works put into effect whether they will or will not constitute a nuisance, the writ will be refused in the first instance, or if reasonable doubt exists as to the probable effect either on proof or construction of the facts averred, equity will not intervene until tested by the actual use and the resultant facts. City of Tuscaloosa v. Standard Oil Co., 221 Ala. 670, 130 So. 186; Rouse v. Martin, 75 Ala. 510, 51 Am.Rep. 463.

But, "where the consequences of a nuisance about to be erected or commenced will be irreparable in damages, and such consequences are not merely possible, but to a reasonable degree certain, a court of equity may interfere to arrest a nuisance before it is completed." Code 1940, Title 7, § 1083; Higgins v. Bloch, 213 Ala. 209, 211, 104 So. 429.

■ On a careful review of the pertinent authorities, we have come to the conclusion that the learned trial court misapplied the pertinent doctrine for the reason that the bill does make out a case for injunctive relief, the facts averred being taken as true on a consideration thereof on demurrer. Higgins v. Bloch, supra; City of Selma v. Jones, 202 Ala. 82(7), 79 So. 476, L.R.A.1918F, 1020.

SIMPSON, Justice.

The appeal is from a decree sustaining demurrer to the bill as amended, seeking to enjoin the Park and Recreation Board of the City of Birmingham from the development of a portion of McLendon (a city) Park by establishing thereon a baseball diamond, for the purpose of playing night hard baseball games, as a private nuisance.

The trial court sustained the demurrer and dismissed the bill, and to sustain the decree it is contended by appellees that since the playing of night baseball is not a nuisance per se, injunction would not lie until the operation of the field begins and is found to be a nuisance, because of the well-known principle that equity will not anticipate misuse of a projected structure or

■ This court has recognized a distinction between a case where the averred facts are to be tested by demurrer and where the right to the injunction is considered after answer and a hearing on the evidence. And if the bill makes proper allegations of fact to show that the contemplated construction or works by reason of its location or other circumstances and conditions prevailing will be a nuisance per accidens and result in peculiar and continuing or recurring injury to the complainant, it states a case for injunction. Bloch v. McCown, 219 Ala. 656, 123 So. 213; City of Selma v. Jones, supra; City of Tuscaloosa v. Standard Oil Co., supra. See also Gillette v. Tyson, 219 Ala. 511, 122 So. 830.

652

■ So if the facts averred present such a situation that if proven equity will intervene to grant relief, the case should proceed to a hearing on the evidence for, as observed in the City of Tuscaloosa case, supra, "complainant cannot be prevented from alleging facts in his complaint [to show a case for relief], but many times circumstances and the lack of evidence prevent proof of the matters alleged therein." [221 Ala. 670, 130 So. 188.] And if after such hearing it should appear that the threatened injury is uncertain or indefinite or the use of the project only possible of injury—or that the public benefit is so largely to be served as to outweigh the inconveniences of the complainants as to render it imperious to locate the diamond at the designated place rather than elsewhere—then it would be proper to refuse the injunction, in limine, and await the future use of the project to determine, if desired by complainants, whether or not a nuisance is being maintained. 1 High on Injunctions, §§ 742-744.

But it seems obvious that a hearing on the facts will be necessary to determine whether this status exists as was ordered in the Bloch v. McCown and Gillette v. Tyson cases, supra, and as prevailed in the cases cited by appellee, such as Kirk v. McTyeire, 209 Ala. 125, 95 So. 361; Drennen v. Mason, 222 Ala. 652, 133 So. 689; City of Lynchburg v. Peters, 145 Va. 1, 133 S.E. 674; Green v. Garrett, Md., 63 A.2d 326.

The same argument as to the prematurity of action was made in the above-cited Bloch v. McCown case, but the court rejected the contention and, speaking through Mr. Justice Sayre, observed:

"It is suggested in the brief for defendant (appellee) that his place can only become a nuisance by reason of the future operation of his proposed business therein, and that complainant's application for relief is premature and should be deferred until such time as the court may be informed as to the manner in which defendant's business at the place in question will be conducted. This is to ignore the location and the court's common knowledge of the inevitable consequences to follow upon the conduct of the business which defendant proposes to carry on, however well conducted, not to mention the specific averments of the bill. And in this connection it was incumbent on complainant to consider whether, if he stood by, without protest or preventive action, and allowed defendant to construct his building, which, we may assume, would be peculiarly and expensively adapted to the conduct of the proposed business, he would then be estopped to deny defendant's right. * * *

"No question as to that right is involved. In the case presented by the bill it may be assumed that the annoyance inseparably connected with the business proposed would be repeated at frequent intervals during the day and far into the night.

"We have considered the case alleged in appellant's bill. The facts remain to be proved, though the bill may be aided to some extent by common knowledge. The court below will hear and determine the cause on the evidence to be adduced going to show the nature and situation of the properties involved, their contiguity, and every circumstance of environment. Gillette v. Tyson, ante [219 Ala.] page 511, 122 So. 830." 219 Ala. 656, 658, 123 So. 213, 215.

■ Briefly applying the foregoing principles, we think it clear that the case should proceed to a trial on the facts to determine whether it is reasonably certain that the contemplated use of the park at the designated location will produce the irreparable damages alleged and therefore subject to arrestment now. Code, Title 7, § 1083, supra. The bill shows that the ten complainants have owned and occupied for many years residences situated on the west side of Sixth Street, which is only 50 feet in width, the residences facing east toward the park where the contemplated improvement is being erected; that home plate of the diamond will be within 100 feet of the nearest residence (and common knowledge makes it certain that the spectators will be congregated there and in closer proximity to such residences) and that eight poles of from 60 to 100 feet in height at various intervals around the diamond have been erected and there

will be situated at or near the top of each of the said poles a large number of high-powered floodlights; that the poles are located at intervals from, to wit, 75 to 400 feet from the residences of complainants, and a large number of said lights are focused and so arranged as to shine down or upon the residences and premises of the complainants and will illuminate a large area in and around the premises of the complainants; that amateur baseball clubs in large numbers will have the use of the baseball diamond for playing night hard baseball games by adult players, who represent and are sponsored by various industrial and business organizations in and around the city of Birmingham and other portions of the state; that such games are and will be attended by large numbers of spectators; that said spectators are very enthusiastic and engage in loud yelling while in attendance on such games; that the (city) park proper occupies some 46 acres of land and that other locations therein for the ball diamond could be made which would not be objectionable or constitute a nuisance to the complainants or anyone else.

Drennen v. Mason, supra, relied on by appellees as sustaining the court's decree, is readily distinguishable on the facts as regards the respective operations to be transacted, as will appear manifest on a reference to that case.

We are not unmindful of the beneficent purposes sought to be accomplished by the Park and Recreation Board and are in hearty accord with the program. Yet with respect to the transaction of such a worthy project, the rights of the citizens residing in the immediate vicinity cannot be unreasonably interfered with by the intrusion —if as alleged—into a residential district of an operation which would cause unreasonable and continuous or recurring annoyance to the proper enjoyment of their property, the disturbance of their quietude and pleasure of their homes by excessive noise or the shining of bright lights in their windows at night. If such is to be the character of the operation contemplated, it would seem not only equitable but desirous from the standpoint of appellees that the right, vel non, to inaugur-

ate such a project be determined now before the improvement—perhaps quite expensive—shall have been completed.

 It is hardly necessary to note in passing that even though the Board is invested with authority to properly establish and transact the proposed undertaking, Code 1940, Title 62, §§ 721 et seq.; Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14, it is incumbent that the business be done in such manner as not to constitute an unnecessary or unreasonable nuisance. City of Selma v. Jones, supra; 46 C.J. 675, § 43; 39 Am.Jur. 486, § 208.

Our conclusion, therefore, is that the demurrer to the bill as amended as for any objection taken thereby should be overruled.

Reversed and remanded.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.