325 So.2d 161

Pauline **FUGAZZOTO** et al.

v.

**BROOKWOOD ONE, a limited partnership,**
etc., et al.

**SC 1223.**

Supreme Court of Alabama.

Jan. 9, 1976.

John Martin Galese, Birmingham, for appellants.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellees, Brookwood One and Brookwood Two.

Irvine C. Porter, Birmingham, for appellee, the City of Homewood, Ala.

Cabaniss, Johnston, Gardner, Dumas & O'Neal and J. M. Breckenridge, Birmingham, for appellee, City of Mountain Brook, Ala.

JONES, Justice.

This is an appeal from a decree of dismissal entered against Pauline Fugazzoto and others who sought injunctive relief against Brookwood One and Two (Developers) and declaratory relief against the developers and the cities of Homewood and Mountain Brook. We affirm as to the dismissal of the claim for injunctive relief and reverse and render a judgment as to the dismissal of the claim for declaratory relief.

We first address the dismissal of the claim for injunctive relief. Count One of the plaintiffs' complaint sought to enjoin the developers from constructing a private access road which would connect its property to Symer Road, a public street which abuts both the plaintiffs' residential property and the developers' commercial property. The plaintiffs based their demand for the injunction upon the allegation that the construction of the private access road would increase automobile traffic on Smyer Road thereby constituting a nuisance (Tit. 7, § 1081, Code).

After presenting affidavits, the defendants filed motions for dismissal and for summary judgment. The trial Court considered the motions and entered a decree dismissing the cause "but without prejudice to plaintiffs to bring an appropriate action if and when the alleged anticipatory nuisance becomes real."

The motions and affidavits authorized the trial Judge to either dismiss the complaint or grant a summary judgment, but he granted only the motion for dismissal. Therefore, we will limit our review to the propriety of dismissing the plaintiffs' complaint.

There is statutory authority for enjoining anticipatory private nuisances in Alabama. Tit. 7, § 1083, Code, provides:

"Where the consequences of a nuisance about to be erected or commenced will be irreparable in damages, and such consequences are not merely possible, but to a reasonable degree certain, a court of equity may interfere to arrest a nuisance before it is completed."

In *Jackson v. Downey*, 252 Ala. 649, 42 So.2d 246 (1949), this Court construed Tit. 7, § 1083, Code, in the procedural context of an order sustaining a defendent's demurrer and held that "if the facts averred present such a situation that if proven equity will intervene to grant relief, the case should proceed to a hearing on the evidence . . .". This statement is consistent with the standard adopted by this Court for testing the sufficiency of a complaint upon a 12(b)(6) motion. In *Trabits v. First National Bank of Mobile*, 295 Ala. —, 323 So.2d 353, (1975), this Court quoted with approval *Conley v. Gibson*, 355 U. S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), for the statement that:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Under this standard, and order dismissing a complaint under 12(b)(6) should rarely be granted. But, in this case, the plaintiffs' complaint alleged all of the facts which they could have proved in a hearing. Those facts are that the completion of the private road will increase automobile traffic on Smyer Road. The question of whether an activity which increases automobile traffic on public roads is enjoinable as a nuisance was addressed by this Court in *Drennen v. Mason*, 222 Ala. 652, 133 So. 689 (1931). In that case this Court stated that, "The noises of increased automobile traffic, the stopping, starting and shifting gears, incident to the rightful use of a public street, cannot be regarded in this day as substantial cause for injunctive relief which deprives the citizen of the use of his property."

■ We reaffirm this as a correct statement of law. Although increased traffic may be one element of a nuisance action based upon an activity such as a truck terminal or a garage, increased traffic alone cannot be regarded as a substantial invasion of a property owner's right to the enjoyment of his property. Thus, it appears beyond doubt that the plaintiffs could prove no set of facts in support of their claim which would entitle them to relief and their claim for anticipatory injunctive relief was due to be dismissed. The decree of dismissal as to Count One is affirmed.

■ We now turn to the plaintiffs' claim for declaratory relief. Count Two of the complaint sought a declaration that the plaintiffs are not parties to the restrictive covenant between the City of Mountain Brook and the developers and that the plaintiffs are entitled to rely upon the conditions of the covenant as residents of the City of Mountain Brook in the event they are denied injunctive relief. There are two covenants which concern the construction of the private access road. One is between the City of Homewood and the developers; the other is between the City of Mountain Brook and the developers. Although the plaintiffs' complaint sought declaratory relief as to the Mountain Brook covenant, the plaintiffs attached only the Homewood covenant to the complaint. Since the covenants are substantially identical and since our reversal of this case could be based upon either covenant, we will not attempt to determine which covenant the plaintiffs actually intended to include in their complaint. Both covenants limited the use of the private access road to 150 cars which would be issued special passes. Both covenants also included a paragraph numbered 5(c), which provides that the entire covenat "shall, at the option of the undersigned developers . . . be null and void and of no effect in the event . . . a suit or action shall be instituted by any person . . . against the undersigned developers to enjoin . . . the use and enjoyment by the undersigned

developers . . . of any private roadway . . . connecting up with the said Smyer Road." Since the plaintiffs in this suit have brought an action against the developers as described in 5(c), they seek a declaration that the 150 car limitation remains in force despite provisions of paragraph 5(c).

The effect of paragraph 5(c) is to inhibit the plaintiffs' right to seek relief in the courts. The developers and the two municipalities have, by contract, threatened that if the plaintiffs seek a legal adjudication of their rights, the contractual benefits the municipalities obtained for the plaintiffs will be annulled. The covenant places the plaintiffs in this dilemma: If they seek to enjoin the developers from constructing the private road, they will, by virtue of paragraph 5(c) invalidate the agreement restricting the use of the private road if it is constructed.

Both the Alabama courts and the Alabama legislature have consistently reaffirmed the public policy against contracts which either interfere with the parties' right to use the courts, or deprive the courts of their inherent jurisdiction. In evidence of this policy, the legislature has enacted statutes voiding confessions of judgment (Tit. 20, § 16, Code) and prohibiting contractual modification of statutes of limitation (Tit. 7, § 28, Code). The courts have manifested this policy by invalidating the contractual agreements for the issuance of injunctions (*Stokes v. Moore*, 262 Ala. 59, 77 So.2d 331 (1955) ); and by declaring that parties have no power to contract against finality of judgments of the courts on issues within the courts' jurisdiction (*John Hancock Mutual Life Insurance Co. v. Large*, 230 Ala. 621, 162 So. 277 (1935) ); and by declaring that a contract to arbitrate and thus determine whether a party has a cause of action is not ordinarily enforceable (*T. C. I. & R. Co. v. Sizemore*, 258 Ala. 344, 62 So.2d 459 (1952) ). It is important to note that all of these illustrations of the public policy in this area involve situations where the contracting parties have impaired only their own rights to use the courts. The instant case, however, involves a situation where the contracting parties have not only affected their own rights, but have also affected the rights of persons who are not parties to the contract. Contractual provisions which affect third party rights are even more undesirable than those which affect only the contracting parties because the third parties' rights are impaired without their consent.

Moreover, when, as in this case, one of the contracting parties is a municipal corporation which has agreed to a contractual provision impairing the rights of its residents to use the courts, we find an even stronger public policy against the restrictive provision here in question. Municipal corporations, unlike private contracting parties, derive their contracting power from the legislature. Their power to contract is, therefore, even more circumscribed than that of private parties, and the countervailing considerations of freedom of contract raised by private parties against the public policy declarations of the legislature and the common law cannot avail municipal corporations.

We, therefore, hold that paragraph 5(c) in both the Homewood and the Mountain Brook covenants is invalid as contrary to public policy.

The fact that we declare paragraph 5(c) invalid, however, does not mean that the entire covenant is invalid. Without paragraph 5(c), the covenant is still supported by adequate consideration. In return for the 150 car restriction, Homewood approved the developers' request to vacate Executive Circle, resurvey the property, and construct the private road, and Mountain Brook declared that it would raise no objections to the developers' plans. We, therefore, render a judgment that the cove-

nant remain in force except for paragraph 5(c) which is deleted in full.

Affirmed in part, reversed and rendered in part.

MERRILL, BLOODWORTH, FAULKNER, SHORES and EMBRY, JJ., concur.

HEFLIN, C. J., and MADDOX, J., concur in part and dissent in part.

ALMON, J., not sitting.

MADDOX, Justice (concurring in part and dissenting in part).

I concur in that portion of the opinion which affirms the trial court's order dismissing count one. I concur in the result of the opinion as to count two, the claim for declaratory judgment. I can only agree that the trial court's granting of the motion to dismiss as to count two was improper, because I believe the complaint, especially when construed under Alabama's new Rules of Procedure, states a "justiciable controversy." In my opinion, the plaintiffs barely state a claim for declaratory relief. The plaintiffs seek to have adjudicated "anticipatory rights" and this Court has said that a declaratory judgment proceeding is not available to adjudicate such anticipatory rights, and it is not sufficient that parties anticipate that a justiciable controversy may arise. *White v. Frink*, 274 Ala. 49, 145 So.2d 435 (1962). However, I believe that the plaintiffs here are entitled to an adjudication even though the adjudication may not be in accordance with their theories and contentions. *See Darling Shop of Birmingham v. Nelson Realty Co.*, 255 Ala. 586, 52 So.2d 211 (1951). Consequently, I concur only in the result reached by the majority that count two of the complaint should not have been dismissed, but I would remand the cause for a declaration rather than rendering the case.

HEFLIN, C. J., concurs.