This appeal by plaintiffs Richard C. Jones and Barbara T. Jones is from a partial summary judgment in favor of defendants. We affirm.
 The Facts
In December of 1976, appellants, Mr. and Mrs. Jones, purchased a home and lot located at 822 Newton Street, Prattville, Alabama. The lot they purchased was adjacent to, and northeast of, property owned by appellees Thomas E. Newton and William D. Davis, III.
Prior to their purchase of the property, appellants viewed the house and lot with a realtor who, they state in deposition, represented the boundary of the lot they were to purchase was defined by a backyard fence. Appellants further testified that, during the closing transaction, a map was given them which represented the lot to be the entire area enclosed by the backyard fence, rather than a portion of that area. The map to which they refer is depicted in an appendix to this opinion. Neither the realtor nor the prior owners of the property are parties to this suit. *Page 1347 
Mr. and Mrs. Jones presented no further evidence of their title to the disputed portion of the backyard property. The legal description of the lot which they bought clearly does not include the entire fenced area; that description was included in its entirety on the deed to the property and all other documents in evidence. Appellants presented no evidence they paid taxes on the entire fenced area, nor is there evidence their occupation of the land has amounted to adverse possession under Alabama law.
After the closing transaction, Mr. and Mrs. Jones took possession of the property and utilized the entire fenced area as a backyard.
In the spring of 1981, appellees Thomas E. Newton and William D. Davis, III, began preparations for the development of a shopping center on property adjacent to and behind the Joneses' lot. Because the proposed shopping center site was zoned as residential property, it was necessary for Newton and Davis to petition the Prattville Planning Commission for rezoning and approval of the site plan. A portion of the property included in the proposed site was the strip of land enclosed by appellants' backyard fence but not included in their property description.
Prior to the presentation of the petition for rezoning to the Planning Commission, Newton and Davis solicited community support for the petition. Newton visited Mr. and Mrs. Jones for the purpose of soliciting their support. Appellants contend Newton intentionally, during that visit, failed to disclose to them the fact that the construction and rezoning would affect a part of the property enclosed by their backyard fence. They state, in deposition, that Newton promised to replace their fence, during construction, with a new fence, but never mentioned the fence would be moved so as to dispossess them of approximately 1,527 square feet which they had previously used as their backyard, and which, they contend, belongs to them.
While waiting for the Commission's decision regarding rezoning, Newton and Davis contracted with appellee H.M. Gipson Land Surveying, Inc., to survey the shopping center site and to supply appellees Bobby Carter and B.S. Carter Construction Company, Inc., with the necessary plans, specifications, and documents for their performance of a site work contract.
When the planning commission approved the shopping center site, Newton contracted with Carter and B.S. Carter Construction Co., Inc., to prepare the site for construction of the shopping center.
In August of 1981, Mr. Jones observed a bulldozer near his backyard. After questioning the workers regarding their intentions, he left to speak with an attorney. When Jones returned, the workers had taken down the old fence and had begun to erect a new fence on the property line as described in the deed held by Mr. and Mrs. Jones.
In December of 1981, appellant filed a five-count complaint, which named Thomas E. Newton, William D. Davis, III, H.M. Gipson Land Surveying Inc., Bobby Carter, and B.S. Carter Construction Company as defendants. That complaint alleges the following offenses by defendants: (1) trespass quare clausumfregit, (2) continuous trespass, (3) private nuisance, (4) invasion of privacy, and (5) wantonness. They also filed a separate complaint against Tommy Newton, wherein the only allegation was fraud. The trial court consolidated the two cases.
In May of 1982, while the shopping center was still under construction, Newton and Davis sold the property to SOWEGA Properties, Inc.; Mr. and Mrs. Jones amended their complaint to add SOWEGA Properties as a defendant to the continuous trespass and private nuisance counts of the original suit.
Defendants filed motions for summary judgment. The trial court granted summary judgment as to all counts of the consolidated *Page 1348 
action except count one, based on trespass quare clausumfregit. (Thus, summary judgment was granted as to each count to which SOWEGA was named a party and the count remaining involves only the original defendants.) The trial court issued a Rule 54 (b), ARCP, certification of finality as to that summary judgment. The issue on appeal is the propriety of the trial court's granting of summary judgment in this action.
 I
Summary judgment is appropriately granted only if the pleadings and affidavits reveal no genuine issues of material fact. Oliver v. Taylor, 394 So.2d 945 (Ala. 1981). The moving party has the burden of establishing the absence of a genuine issue of fact. Eason v. Middleton, 398 So.2d 245 (Ala. 1981). If a genuine issue of fact must be resolved, so that the nonmoving party could conceivably prevail, the trial court must deny the motion for summary judgment. Horton v. NortheastAlabama Regional Medical Center, Inc., 334 So.2d 885 (Ala. 1976). Considering these principles, we proceed to determine the propriety of summary judgment as to the various counts of appellants' complaint.
 II
First, the trial court granted summary judgment as to appellants' allegation that appellees have created a private nuisance, disturbing the peaceable use and enjoyment of appellants' property by developing and operating the shopping center. We find no evidence in the record of such a disturbance.
The record reveals that Newton, Davis, SOWEGA Properties, and their agents have developed a strip of land to which they have title. Appellants have, without apparent mismanagement, built a shopping center on land zoned for commercial development. This court will not anticipate mismanagement. Jackson v. Downey,252 Ala. 649, 42 So.2d 246 (1949). The doing properly of that which the law authorizes does not constitute a nuisance. Johnson v.Bryant, 350 So.2d 433 (Ala. 1977).
When all the evidence appellants presented of a real and substantial invasion of a protected interest is seen in the best light, it is clear to this court that any discomfort and annoyance alleged by appellants is so lacking in substance that the law will refuse to recognize it, applying the maxim deminimis non curat lex — the law does not concern itself with trifles. Borland v. Sanders Lead Co., 369 So.2d 523, 529 (Ala. 1979).
 III
Second, the trial court granted summary judgment as to appellant's claims of negligence and wantonness. Again, we find no evidence supporting these claims. The necessary elements for recovery under a negligence theory are: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury. Mascot Coal Companyv. Garrett, 156 Ala. 290, 47 So. 149 (1908). We find no evidence to support any of these elements in the record on appeal.
Appellees have cleared and excavated property adjacent to property owned by appellants. They moved a fence located entirely on their own property so that it is now located on the property line. From these facts, this court cannot conceive of any circumstances under which appellants could maintain a successful action for negligence against appellees.
 IV
Third, appellants allege the trial court erred by granting summary judgment as to their allegation of continuous trespass by appellees. Appellants argue they have been continuously deprived of their rightful possession and control of the disputed strip of land in their backyard.
Again, no evidence has been presented to indicate that title to that strip of property *Page 1349 
is, or has ever been, vested in appellants or that they enjoyed any possessory rights in that strip. Neither is there evidence appellees have built any structure upon or over property owned by Mr. and Mrs. Jones such as would create a continuous trespass on that property. See Alabama Power Co. v. Gielle,373 So.2d 851 (Ala.Civ.App. 1979).
We conclude, because there is no evidence of a continuous trespass by appellees onto land belonging to appellants, the trial court was correct in granting summary judgment as to that count.
 V
Fourth, we consider whether there is a disputed issue of material fact regarding appellants' allegations of invasion of privacy. Wrongful intrusion into another's private activities constitutes a tort for invasion of privacy. Alabama ElectricCooperative, Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848
(1969).
Appellants assert that appellees' acts of removing trees and underbrush from the property owned by Newton and Davis constitute an offensive and improper invasion of privacy. They contend the trees served as a natural barrier of privacy which blocked the public view of their backyard and that, because of the clearing of the property, there is no longer any privacy in their backyard.
Appellants cite, and we find, no precedent to support such a claim.
 VI
Last, appellants contend there is error in the trial court's granting of summary judgment as to their allegation of fraud against Newton. They allege Newton, when he met with them to discuss the possible rezoning of the property on which the shopping center was ultimately built, fraudulently concealed from them information that the shopping center would encroach on their property.
First, we must again note there is no evidence of appellants' title to the disputed portion of property in their backyard. InHall Motor Company v. Furman, 285 Ala. 499, 234 So.2d 37
(1970), this court stated that to plead a case of fraudulent concealment by silence, facts must be averred from which a duty to speak arises. There was no relationship between Newton and appellants from which such a duty would arise. Newton had no obligation to inform appellants regarding the use of his own property.
Second, there was no reliance by appellants on the alleged "failure to disclose" by Newton. Newton was simply seeking public support for a rezoning request. Mr. and Mrs. Jones were not responsible in any way for granting or denying request for rezoning. Had they become aware during their visit with Newton, that their backyard fence was to be relocated on their own property line so as to "deprive" them of the use of another's property, this court can anticipate no action they have taken in response to receiving that information. Neither can we ascertain any injury which resulted from their failure to act based on the alleged nondisclosure.
In conclusion, after a careful review of the deposition testimony, answers to interrogatories, and affidavits, together with appellants' pleadings, we conclude there is no genuine issue of material fact as to any of the above named counts regarding which the trial court granted summary judgment. For that reason, the trial court's judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 1350 
[EDITORS' NOTE: APPENDIX IS ELECTRONICALLY NON-TRANSFERRABLE.]