Rel: June 20, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

————————————————

### SC-2024-0588

————————————————

## Eric Jackson

### v.

## State Farm Mutual Automobile Insurance Company

**Appeal from Morgan Circuit Court**
**(CV-22-900105)**

SHAW, Justice.

Eric Jackson, a plaintiff below, appeals from the Morgan Circuit Court's judgment on the pleadings disposing of his claim seeking to

recover uninsured/underinsured-motorist ("UIM") benefits from his insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). We affirm.

Facts and Procedural History

Jackson, a commercial tractor-trailer driver, was, on December 20, 2020, injured in a motor-vehicle collision with another tractor-trailer in Morgan County. At all relevant times, Jackson's personal vehicles were insured by State Farm. His policies, which were issued in Kentucky and delivered to Jackson at the Kentucky residential address he provided to State Farm, included UIM coverage.

In April 2022, Jackson sued, among others, the alleged at-fault driver in the collision ("the tortfeasor") in the Morgan Circuit Court ("the trial court").[1] On October 27, 2023, Jackson filed a motion seeking leave from the trial court to amend his original complaint to add State Farm as a defendant. More specifically, Jackson sought to recover UIM benefits under his State Farm policies. In support of his request, Jackson

_____

[1]The original complaint included a passenger in Jackson's tractor-trailer as an additional named plaintiff. The workers' compensation carrier for Jackson's employer apparently also later intervened as a plaintiff in the action.

explained:

> "… [Jackson] was recently offered the limits of available insurance from all of the tortfeasors in the original complaint. Following this offer, [Jackson] made a claim for [UIM] benefits on his personal auto insurance with [State] Farm.

> "… In response to this claim, [Jackson] was informed that [State] Farm is asserting the statute of limitations of the State of Kentucky in violation of longstanding Alabama law and has denied the claim."

In its answer to Jackson's amended complaint, to which it attached verified copies of Jackson's insurance policies, State Farm conceded the facts of Jackson's accident and his entitlement to UIM coverage under the policies, but "only if and to the extent [he] … satisfied all the terms and conditions of the Kentucky policies providing [him] UIM coverage, including the submission of a valid and timely claim for UIM benefits as prescribed by governing Kentucky law." It further explained: "The Kentucky General Assembly, as part of its Motor Vehicle Reparations Act which also provides for UIM coverage, has adopted a two-year 'period of time required by Kentucky law for filing a lawsuit to recover bodily injury damages incurred as a result of a motor vehicle accident.'"

According to State Farm, Jackson had failed to comply with a condition precedent to his recovery of UIM benefits. More specifically, it

maintained, Jackson had failed to assert his UIM claim within the two-year period stated in his policies. The policies provided, on that issue, the following:

> "Legal action may not be brought against [State Farm] until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against [State Farm] regarding:

> "....

> "d. [UIM] coverage if such action is commenced within the period of time required by Kentucky law for filing a lawsuit to recover bodily injury damages incurred as a result of a motor vehicle accident."

(Some emphasis added.) As discussed in more detail below, the emphasized portion of the policy language is a direct reference to the Kentucky Motor Vehicle Reparations Act ("the KMVRA"), Ky. Rev. Stat. Ann. § 304.39-230(6). The policies further included, on that same page, a "Choice of Law" provision indicating, in all relevant circumstances, that, "[w]ithout regard to choice of law rules, the law of the state of ... Kentucky will control." (Capitalization in original.)

Accordingly, State Farm's answer also gave notice pursuant to Rule 44.1, Ala. R. Civ. P., of its intent "'to raise an issue concerning the law of another state,' specifically … Kentucky," because, it said, Kentucky law

4

controlled the interpretation and application of Jackson's policies. It also included citations to several cases in which, State Farm asserted, Alabama's appellate courts have routinely applied the law of the state where a policy issued to determine an insured's entitlement to UIM benefits. Based on the foregoing, and contrary to the allegations in Jackson's amended complaint, State Farm's answer asserted that Jackson was not entitled to recover UIM benefits based on his failure to timely assert his UIM claim within the two-year period that, it argued, was specified by Kentucky law and by his policies.

At the same time, State Farm separately filed, pursuant to Rule 12(c), Ala. R. Civ. P., a motion seeking the entry of a judgment on the pleadings in its favor on the same basis, namely Kentucky's purported adoption of a two-year statutory period for filing a lawsuit to recover bodily injury damages resulting from a motor-vehicle accident, see Ky. Rev. Stat. Ann. § 304.39-230(6); State Farm's incorporation of that limitations period in its policy language; and Jackson's failure to commence his UIM action against State Farm until well after the period applicable to his own claim had expired in December 2022.

Although he did not dispute the status of Kentucky law as asserted

by State Farm, Jackson, in opposition to State Farm's motion, provided authority suggesting that the procedural law of the forum state supplies the applicable statute of limitations and that, under § 6-2-34, Ala. Code 1975, a six-year limitations period applied, thus rendering his UIM claim timely under Alabama law. He further argued that § 6-2-15, Ala. Code 1975, codifies long-standing public policy and, accordingly, "voids any contract provision that seeks to shorten this six-year statute."

While State Farm's motion remained pending, Jackson filed, on April 10, 2024, a "Pro Tanto Stipulation of Dismissal" to dismiss the tortfeasor and the tortfeasor's employer as defendants in the underlying action.

After further filings from the parties regarding State Farm's Rule 12(c) motion and a hearing, the trial court rejected Jackson's position and dismissed State Farm as a defendant by a judgment granting State Farm's motion and stating as follows: "The Court finds that [Jackson] is not entitled to UIM benefits in accordance with the contract entered into between [Jackson] and State Farm. This Court believes that the law of Kentucky govern[s] the claim and as such, [Jackson] did not timely file [his] complaint." The trial court, at the request of the parties, later

6

amended its judgment to certify it as final pursuant to Rule 54(b), Ala. R. Civ. P.  Jackson appeals.

## Standard of Review

Rule 12(c) provides, in pertinent part:  "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

> "When a motion for judgment on the pleadings is made by a party, 'the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.'  B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So. 2d 989, 991 (Ala. 1992).  See also Deaton, Inc. v. Monroe, 762 So. 2d 840 (Ala. 2000).  A judgment on the pleadings is subject to a de novo review.  Harden v. Ritter, 710 So. 2d 1254, 1255 (Ala. Civ. App. 1997).  A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party.  Id. at 1255-56."

Universal Underwriters Ins. Co. v. Thompson, 776 So. 2d 81, 82-83 (Ala. 2000).

## Discussion

### I.

The parties represent, as they conceded during the hearing below, that Jackson's appeal presents the narrow question whether a

7

contractual provision that shortens the statutory limitations period otherwise prescribed by Alabama law may be enforced. For several reasons, Jackson contends that it may not.

Jackson cites § 6-2-15, which provides: "Except as may be otherwise provided by the Uniform Commercial Code, any agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is void." He further argues that this Court's decision in Galliher v. State Mutual Life Insurance Co., 150 Ala. 543, 43 So. 833 (1907), controls the outcome of this appeal, and he relies on recent decisions issued by United States District Courts located in Alabama, which, he asserts, resolve the issue in his favor. See, e.g., AFC Franchising, LLC v. Fabbro, No. 2:18-cv-00743-AKK, Dec. 6, 2019 (N.D. Ala. 2019) (not reported in Federal Supplement) (deciding, when faced with Maryland law, which the parties agreed would govern the contract, that a contractual provision shortening the applicable Alabama limitations period was void under Galliher and § 6-2-15). In essence, according to Jackson, although Kentucky law permits the shortening of a statutory limitations period by contract, Alabama law and public policy

8

do not and, instead, specifically void any attempt to do so. Jackson also argues that the trial court erred in dismissing State Farm as a defendant because, he contends, our caselaw provides that Alabama procedural laws -- including our statutes of limitations -- "are … applied to matters brought in Alabama Courts, even when the contract at issue contains a provision seeking to shorten the statute of limitations." Jackson's brief at p. 2. See also, e.g., Etheredge v. Genie Indus., Inc., 632 So. 2d 1324, 1326 (Ala. 1994) ("'[A] court will apply foreign law only to the extent that it deals with the substance of the case, i.e., affects the outcome of the litigation, but will rely on forum law to deal with the "procedural" aspects of the litigation.' Eugene F. Scoles & Peter Hay, Conflict of Laws 57 (1992). 'By legal tradition, most statutes of limitation are deemed procedural rather than substantive.' Robert A. Leflar, et al., American Conflicts Law 348 (1986)."). Finally, Jackson also appears to suggest that, to the extent that the policies actually fail to definitively state that a two-year limitations period applies, the policies are ambiguous.

State Farm responds that it contracted with Jackson for the application of Kentucky law, which, it says, deems reasonable the two-year limitations period incorporated into State Farm's policies. More

9

specifically, it seeks to have applied provisions of the KMVRA, which Jackson's policies incorporated and which State Farm construes as requiring that he had to commence his UIM action against it within the two-year time frame following the accident date.[2]  Also according to State Farm, Alabama decisions support its request to uphold the provisions of the Kentucky policies at issue in this case.  See Cherokee Ins. Co. v. Sanches, 975 So. 2d 287, 294 (Ala. 2007) ("[W]e do not discern any legislative intent that the public policies encompassed in our [UIM] statute were intended to take precedence over those of sister states.").

## II.

We note that "'Alabama law has long recognized the right of parties to an agreement to choose a particular state's laws to govern an

---

[2]The actual language of § 304.39-230(6) provides that a motor-vehicle-related tort action must "be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs."  There is nothing before us suggesting that State Farm's policies also incorporated the latter provision.  In any event, Jackson makes no argument based on the date of his receipt of "reparation payment"; thus, any argument that the limitations period was extended thereby in his case would be waived.  See Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So. 2d 317, 319 (Ala. 2003) (stating that issues not raised and argued in brief are waived).

agreement.'" Polaris Sales, Inc. v. Heritage Imports, Inc., 879 So. 2d 1129, 1133 (Ala. 2003) (quoting Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991)). As recently discussed, a choice-of-law provision, under certain circumstances, can incorporate another state's statute of limitations:

> "Alabama enforces choice-of-law provisions, and the courts of this state ordinarily will apply the substantive law of a foreign state in accordance with the agreement of the parties unless such enforcement would violate Alabama's public policy. See Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991). However, the appellate courts of this state have not addressed the specific question whether a standard choice-of-law provision requires the courts of this state to apply the procedural law of the selected foreign state, including its statute of limitations. That issue has, however, been decided by numerous other jurisdictions.

> "The prevailing view among courts that have considered this issue holds that a choice-of-law provision stating that a contract shall be 'governed' by the laws of a foreign state refers only to the substantive law of that state and not to its statute of limitations, which is a procedural law. See Smither v. Asset Acceptance, LLC, 919 N.E.2d 1153, 1158 (Ind. Ct. App. 2010); Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325, 351, 770 N.E.2d 177, 194, 264 Ill. Dec. 283, 300 (2002); Western Video Collectors, L.P. v. Mercantile Bank of Kansas, 23 Kan. App. 2d 703, 705, 935 P.2d 237, 239 (1997); Financial Bancorp, Inc. v. Pingree & Dahle, Inc., 880 P.2d 14, 16 n.2 (Utah Ct. App. 1994); Nez v. Forney, 109 N.M. 161, 163, 783 P.2d 471, 473 (1989); United States Leasing Corp. v. Biba Info. Processing Servs., Inc., 436 N.W.2d 823, 826 (Minn. Ct. App. 1989); Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994); Berger v. AXA Network,

11

<u>LLC</u>, 459 F.3d 804, 813 n.15 (7th Cir. 2006); <u>In re Sterba</u>, 852 F.3d 1175, 1178 (9th Cir. 2017). <u>Those cases stand for the principle that, unless the choice-of-law provision explicitly and unambiguously provides that the statute of limitations of the foreign state shall apply, the statute of limitations of the forum state controls</u>.

"In <u>Reclaimant Corp. v. Deutsch</u>, 332 Conn. 590, 596, 211 A.3d 976, 981 (2019), … the Connecticut Supreme Court concluded that the statute of limitations of Delaware would not apply to an action that had been commenced in Connecticut. The choice-of-law provision at issue in <u>Deutsch</u> stated: '"This [a]greement and all rights and liabilities of the parties hereto shall be governed by and construed in accordance with the laws of the [s]tate of Delaware, without regard to its conflicts of law principles."' 332 Conn. at 596, 211 A.3d at 981. The defendant argued that that provision was worded broadly enough to incorporate Delaware's statute of limitations. The Connecticut Supreme Court disagreed, stating:

> "'"Choice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitation[s]." <u>Federal Deposit Ins. Corp. v. Petersen</u>, 770 F.2d 141, 142 (10th Cir. 1985). Thus, "<u>[a]bsent an express statement that the parties intended another state's limitations statute to apply, the procedural law of the forum governs time restrictions</u> ...." <u>Cole v. Mileti</u>, 133 F.3d 433, 437 (6th Cir.), cert. denied, 525 U.S. 810, 119 S. Ct. 42, 142 L. Ed. 2d 32 (1998); see also <u>Gluck v. Unisys Corp.</u>, 960 F.2d 1168, 1179 (3d Cir. 1992) ("[c]hoice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express"); <u>Des Brisay v. Goldfield Corp.</u>, 637 F.2d 680, 682 (9th Cir. 1981) (Choice of law "clauses generally do not contemplate

12

application to statutes of limitation. [Limitation] periods are usually considered to be related to judicial administration and thus governed by the rules of local law, even if the substantive law of another jurisdiction applies."); <u>Portfolio Recovery Associates, LLC v. King</u>, 14 N.Y.3d 410, 416, 927 N.E.2d 1059, 901 N.Y.S.2d 575 (2010) ("Choice of law provisions typically apply to only substantive issues ... and statutes of limitations are considered procedural because they are deemed as pertaining to the remedy rather than the right .... <u>There being no express intention in the agreement that Delaware's statute of limitations was to apply to this dispute, the choice of law provision cannot be read to encompass that [limitation] period.</u>" [Citations omitted; internal quotation marks omitted.]).'

"332 Conn. at 609-10, 211 A.3d at 988."

<u>Archie v. SoFi Lending Corp.</u>, 399 So. 3d 1067, 1071-72 (Ala. Civ. App. 2024) (emphasis added).

Here, unlike the general choice-of-law provision at issue in <u>Archie</u>, the language of Jackson's State Farm policies is more specific. Importantly, they expressly state, in clear and unambiguous language, that Jackson and State Farm agreed that Kentucky's two-year statutory period for filing accident-related tort claims applied to UIM claims arising under the policies. See <u>State Farm Mut. Auto. Ins. Co. v. Riggs</u>, 484 S.W.3d 724, 725, 727 (Ky. 2016) (explaining that the language of

State Farm's policies "tracks nearly verbatim the two-year statute of limitations for tort claims found in [the KMVRA]" and that "State Farm linked Riggs's UIM coverage to the tort claim time limitation found in the KMVRA, KRS 304.39-230(6)"; that statute requires a tort action to "be commenced not later than two (2) years after the injury, or the death"). Thus, the policies here are unlike those in <u>Archie</u>, where "[t]he parties did not agree that any dispute arising out of the contract would be governed by California procedural law or expressly provide that the California statute of limitations would apply to any civil action arising out of the loan agreement." 399 So. 3d at 1073. See also <u>Cherokee Ins. Co.</u>, 975 So. 2d at 292 n.9 (concluding that Tennessee substantive UIM law applied when the insurance contract both issued and was delivered there, despite the fact that the policy failed to "designate[] that the law of any particular state would control in the event of a dispute concerning interpretation of the policy").

In <u>Riggs</u>, supra, as Jackson concedes, the Kentucky Supreme Court explicitly upheld such a provision:

> "We are aware, that a UIM claim does not sound in tort and would not otherwise be governed by the [KMVRA's] two-year statute of limitation -- in fact, we explicitly said so in <u>Gordon [v. Kentucky Farm Bureau Ins. Co.</u>, 914 S.W.2d 331

(Ky. 1995)]. But an argument here based on that concept misses the mark because we are not so much concerned with whether a UIM claim should be labeled a tort claim or a contract claim as whether <u>State Farm and Riggs have contracted for a UIM claim limitation that accomplishes the policy and purpose of UIM coverage in a reasonable way</u>. It is difficult to condemn State Farm's provision as unreasonable because, at its simplest, it encourages the prompt presentation of all the potential insurance claims relating to a single accident and forces them to progress through the court system in a more cohesive way -- a way that insurance claims have proceeded through our court system for decades. This is not contrary to public policy -- in fact, a strong argument could be made that it benefits the public. State Farm's provision provides an insured with 'the same rights as he would have had against an insured third party' -- a result that is not at all unreasonable."

484 S.W.3d at 730-31 (emphasis added; footnote omitted). Thus, under Kentucky law, it is valid for the KMVRA's two-year statute of limitations for tort claims to be applied to any UIM claim arising under an insurance policy; this statute of limitations is prescribed by Kentucky law. Here, it is undisputed that State Farm and Jackson, an acknowledged Kentucky resident, agreed not only that Kentucky law would control, but also that <u>this</u> Kentucky law would control.

In <u>Galliher</u>, an insurance policy, which was a Georgia contract, contained a "clause shortening the statute of limitations," and that clause "would be binding in the state of Georgia." 150 Ala. at 545, 43 So. at 834.

15

The Court noted that what is now § 6-2-15 would prohibit such a clause. It does not appear that <u>Galliher</u> involved a choice-of-law agreement; instead, the Court applied the doctrine of <u>lex loci contractus</u>:[3] "'It is a principle of law, admitted by all courts, that the lex loci contractus must govern as to the validity, interpretation, and construction of the contract; but the remedy to enforce it, or to recover damages for its breach, must be pursued according to the law of the forum where the suit is brought.'" <u>Id.</u> (citation omitted). See also <u>Innovative Hearth Prods., LLC v. North Am. Elite Ins. Co.</u>, No. 3:22-cv-00369-AKK, June 27, 2022 (N.D. Ala. 2022) (not reported in Federal Supplement) ("<u>Galliher</u> therefore underscored the distinction between a contract's interpretation and its remedies, the latter of which require application of the laws of the forum state <u>in the absence of a choice [of law] clause</u>." (emphasis added)).

Further, the Court in <u>Galliher</u> specifically noted that its analysis

---

[3]See <u>Cherry, Bekaert & Holland v. Brown</u>, 582 So. 2d 502, 506 (Ala. 1991) ("Alabama follows the principle of 'lex loci contractus,' which states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction.").

did not address the application of the statute of limitations of another state, citing what is now § 6-2-17, Ala. Code 1975, which provides:

"When the statute of limitations of another state or foreign country has created a bar to an action upon a contract made or act done in such state or country while the party sought to be charged thereby was a resident of such state or country, the bar thus created is effectual in this state against any action commenced thereon in the same manner it would have been in the state or country where the act was done or contract made. "

Instead, the defendant in Galliher did "not plead the statute of limitations of Georgia, but [merely] one fixed by the contract." 150 Ala. at 548, 43 So. at 835.

This case involves Kentucky parties who negotiated, in Kentucky, contracts -- i.e., the policies -- to which the parties agreed that Kentucky law -- including a specific statute of limitations applicable in that state would apply. The contracts were not an attempt to modify Alabama's statutes of limitations but, instead, to explicitly incorporate procedural elements consistent with the forum of the contracts. Alabama law might void as prohibited an Alabama contract reducing a plaintiff's procedural remedies, such as a statute of limitations. See, e.g., Fugazzoto v. Brookwood One, 295 Ala. 169, 173, 325 So. 2d 161, 163 (1976). However, that is not the case here.

17

## Conclusion

The trial court correctly applied Kentucky law in holding that Jackson's claims were barred by the limitations periods in the policies. Its judgment is therefore affirmed.

AFFIRMED.

Stewart, C.J., and Bryan, Mendheim, and McCool, JJ., concur.