******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID DUBINSKY *v.* JOYCE RICCIO
(AC 41606)

Keller, Moll and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant attorney for, inter alia, legal malpractice in connection with the defendant's representation of the plaintiff in a divorce proceeding. The plaintiff claimed, inter alia, that the defendant had failed to advise him of the rights that he was giving up by entering into a separation agreement that was incorporated into the dissolution judgment. The trial court granted the defendant's motion for summary judgment, concluding that an issue of material fact did not exist. From the judgment rendered thereon in favor of the defendant, the plaintiff appealed to this court. *Held* that the trial court properly granted the defendant's motion for summary judgment with respect to the plaintiff's legal malpractice claim; this court, applying the well established principles that govern the review of a decision to render summary judgment, adopted the trial court's concise and well reasoned decision as a proper statement of the facts and applicable law on the issues.

Argued October 16—officially released November 26, 2019

*Procedural History*

Action to recover damages for, inter alia, legal malpractice, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Krumeich, J.*, granted the defendant's motion to strike; thereafter, the court, *Truglia, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed*.

*Kenneth A. Votre*, for the appellant (plaintiff).

*Jane S. Bietz*, with whom, on the brief, was *Carmine Annunziata*, for the appellee (defendant).

*Opinion*

PER CURIAM. In 2016, the plaintiff, David Dubinsky, brought a civil action against the defendant attorney, Joyce Riccio, in which he set forth claims sounding in legal malpractice and breach of contract. The plaintiff appeals from the summary judgment rendered in favor of the defendant with respect to the legal malpractice count of his complaint. We affirm the judgment of the trial court.

The record reflects that, in 2016, the plaintiff commenced the underlying action by way of a two count complaint. In relevant part, the plaintiff alleged that, in 2012, he hired the defendant to represent him during divorce proceedings, which culminated in his entering into a separation agreement with his former wife at the time the judgment of dissolution was rendered on August 9, 2013. On that date, a July 10, 2013 custody and access agreement was incorporated by reference into the separation agreement, and the separation agreement, after being found to be fair and equitable by the court, was incorporated by reference into the judgment of dissolution. In the legal malpractice count of his complaint, the plaintiff alleged that the defendant breached in a variety of ways the professional duty that she owed him as his attorney. In general terms, he alleged that she failed to advise him of the rights he was giving up by entering into the agreement, she was not adequately prepared to proceed to trial, and she failed to protect his interests. The plaintiff alleged that, relying on the defendant's inadequate representation, he entered into the agreement to his detriment, resulting in his sustaining a variety of damages. With respect to the breach of contract count, the plaintiff alleged that he entered into a contract with the defendant, thereby requiring her to represent his interests in the divorce proceeding, but that she breached the contract by failing to do so, resulting in his sustaining a variety of damages. The plaintiff sought monetary and punitive damages, costs, and other relief deemed fair and equitable by the court.

In 2017, the court, *Krumeich, J.*, granted the defendant's motion to strike the breach of contract count of the complaint and, thereafter, granted the defendant's motion for judgment to enter in her favor with respect to this count. The court's judgment with respect to the breach of contract count is not a subject of the present appeal.

With respect to the legal malpractice count of the complaint, the defendant filed an answer in which she denied the allegations of deficient representation and set forth a special defense that the "claimed losses and damages were caused by [the plaintiff's] own conduct." Thereafter, the defendant filed a motion for summary judgment accompanied by a memorandum of law with

respect to the legal malpractice count of the complaint. The defendant submitted to the court a voluminous collection of materials related to her representation of the plaintiff during the divorce proceeding, including highly detailed written correspondence between the plaintiff and the defendant concerning the terms of the separation agreement. In response, the plaintiff filed a written objection and a supporting memorandum of law. Attached to the plaintiff's memorandum of law in opposition to the defendant's motion were excerpts of his deposition testimony in the present action.

On March 19, 2018, the court, *Truglia, J.*, heard arguments related to the motion for summary judgment and the plaintiff's objection. At the conclusion of the hearing, the court stated that it was persuaded by the rationale set forth in the defendant's motion, that an issue of material fact did not exist, and that the defendant was entitled as a matter of law to summary judgment in her favor. Thereafter, the court issued an order that more fully explained the legal basis of its ruling. We consider the order to constitute the court's memorandum of decision. The court subsequently denied the plaintiff's motion seeking reargument or reconsideration of its decision. This appeal followed.

We construe the plaintiff's claims on appeal, which are not a model of clarity, as follows: (1) the defendant was unable to demonstrate that she was entitled to judgment in her favor solely because the plaintiff entered into a separation agreement during the dissolution action; (2) the defendant was unable to demonstrate that she was entitled to judgment in her favor on the basis of alleged deficiencies in the manner in which the plaintiff framed the pleadings; and (3) the plaintiff demonstrated that an issue of fact existed with respect to whether the defendant adequately informed him of the terms of the separation agreement and whether the advice she provided to him was reasonable. We observe that, with respect to claims one and two, the plaintiff appears to challenge, as rulings, arguments that were allegedly advanced by the defendant before the trial court, not claimed errors made by the trial court in ruling on the motion for summary judgment that would warrant reversal of the judgment by this court.

We carefully have examined the record of the proceedings before the trial court, in addition to the parties' appellate briefs and oral arguments. Applying the well established principles that govern our review of a court's decision to render summary judgment; see, e.g., *Reclaimant Corp.* v. *Deutsch*, 332 Conn. 590, 598–99, 211 A.3d 976 (2019); we conclude that the judgment of the trial court should be affirmed. We adopt the court's concise and well reasoned decision as a proper statement of the facts and the applicable law on the issues. See *Dubinsky* v. *Riccio*, Superior Court, judicial district of Fairfield, Docket No. CV-16-6059152-S (March 19,

2018) (reprinted at 194 Conn. App.   ,   A.3d   ). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Tzovolos* v. *Wiseman*, 300 Conn. 247, 253–54, 12 A.3d 563 (2011); *Freeman* v. *A Better Way Wholesale Autos, Inc.*, 191 Conn. App. 110, 112, 213 A.3d 542 (2019).

The judgment is affirmed.

————————————————