20-3244-cv
Arcamone v. Kopnisky

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-one.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             DENNY CHIN,
                  *Circuit Judges.*

_____

RALPH FRANCIS ARCAMONE, JR., PETITIONER, SURETY, BENEFICIARY,

*Plaintiff-Appellant*,

v.                                                    20-3244

JACK L. KOPNISKY, (OR HIS SUCCESSORS OR ASSIGNS) AS PRESIDENT AND CEO OF STERLING NATIONAL BANK AND STERLING BANCORP. SUCCESSOR MONTE N. REDMAN, NOW KNOWN AS, STERLING NATIONAL BANK, NOW KNOWN AS, STERLING BANCORP, LUIS MASSIANI, (OR HIS SUCCESSORS OR ASSIGNS) AS CFO OF STERLING NATIONAL BANK AND STERLING BANCORP., STERLING BANCORP, (OR ITS SUCCESSORS OR ASSIGNS), STERLING NATIONAL BANK, (OR ITS SUCCESSORS OR ASSIGNS), DOVENMUEHLE MORTGAGE CO., MONTE N. REDMAN, (OR HIS SUCCESSORS OR ASSIGNS) FORMER CEO OF ASTORIA BANK, ASTORIA FINANCIAL GROUP, AND ASTORIAFEDERAL SAVINGS AND LOAN ASSOCIATION NOW DIRECTOR OF STERLING

NATIONAL BANK AND STERLING BANCORP, ASTORIA BANK, BY MERGER, NOW KNOWN AS, STERLING NATIONAL BANK, NOW KNOWN AS, STERLING BANCORP, ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, BY MERGER, NOW KNOWN AS, STERLING NATIONAL BANK, NOW KNOWN AS, STERLING BANCORP, ASTORIA FINANCIAL GROUP, BY MERGER, NOW KNOWN AS, STERLING NATIONAL BANK, NOW KNOWN AS, STERLING BANCORP,

*Defendants-Appellees*.

Appearing for Appellant:          Ralph Francis Arcamone, Jr., pro se, Rowayton, CT.

Appearing for Appellees:          Christopher J. Picard, McCalla Raymer Leibert Pierce, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ralph Francis Arcamone, Jr., sued entities and individuals in Connecticut state court, bringing claims arising from the foreclosure of his property. He sought equitable subrogation for, presumably, mortgage payments he made prior to his default. The defendants removed the case to the District of Connecticut and moved to dismiss. The district court granted the motion and dismissed Arcamone's complaint with prejudice, reasoning that he failed to state a cognizable claim for equitable subrogation; that if he had set forth a cognizable claim it would be barred by res judicata and collateral estoppel; and that his contention that he was legally distinct from the defendant in the foreclosure action, and thus was entitled to equitable subrogation, was frivolous. Arcamone appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Arcamone's brief fails to address the district court's reasoning for the dismissal of his complaint: the sufficiency of his pleadings. Instead, Arcamone reiterates his allegations and, as far as he addresses any prior decision, he primarily challenges the decision of the "previous Trial Court," i.e., the state court. Appellant's Br. at 35. Arguments not raised in an opening brief are waived. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Accordingly, Arcamone waived any challenge to the district court's

2

dismissal of his complaint. In any event, we affirm the district court's judgment for the reasons below.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6) and the denial of leave to amend as futile. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (Rule 12(b)(6)); *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (denial of leave to amend as futile).

To state a claim, a party must plead sufficient facts to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] . . . mere conclusory statements . . . ." *Id.* Here, Arcamone asserted in part that "RALPH FRANCIS ARCAMONE in this matter, a name that is similar to the surety's name, arcamone, ralph francis jr., yet [is] not the same," and that RALPH FRANCIS ARCAMONE was the actual debtor, and a fictitious person. App'x at 42. As the district court reasoned, Arcamone's complaint does not permit a "reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As far as can be discerned, Arcamone's complaint sought equitable subrogation, seeking to place himself in the position of the former mortgagee of his property (Astoria Federal Savings & Loan), and he argued that with his signature, he discharged the balance of the mortgage and thus is entitled to either repayment, or the title to the property.

Equitable subrogation in Connecticut covers an "instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." *Pac. Ins. Co. v. Champion Steel, LLC*, 323 Conn. 254, 262 (2016) (internal quotation marks omitted). It "benefits only those who have some obligation, however indirect, to pay the debt at issue. For example, it applies to . . . a surety who pays its obligee [(here, the defendants)] and then sues its principal [(here, Arcamone)] to vindicate the rights of that obligee." *Elm Haven Const. Ltd. P'ship v. Neri Constr. LLC*, 376 F.3d 96, 101 (2d Cir. 2004) (citations omitted). Other than his conclusory allegations, which the district court did not need to credit, *see Iqbal*, 556 U.S. at 678, Arcamone did not plead any facts from which the court could reasonably draw the inference that he paid a debt for which another was primarily liable. Moreover, his contention that he was somehow able to discharge his own debt via his signature, or that he was a separate legal entity based on whether his name was written in all capital letters or otherwise, is patently frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). Even if Arcamone paid the debt for "ARCAMONE," the only relief to which he would be entitled would be to step into the shoes of the defendants and to enforce their rights as against "ARCAMONE." *Wasko v. Manella*, 269 Conn. 527, 548 (2004) (explaining that equitable subrogation permits the party to "step[] into the shoes of the *party it paid* in order to recover the payments that it made, and thus to prevent the unjust enrichment of the party whose debt it paid" (emphasis added) (citation omitted)). Further, his argument that he was foreclosed from accessing the "Original Jurisdiction of Equity," Appellant's Br. at 42, is unavailing because Connecticut

3

courts and federal courts are courts of both law and equity. U.S. CONST. art. 3, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the laws of the United States . . . ."); Fed. R. Civ. P. 2 ("There is one form of action—the civil action."); *Reclaimant Corp. v. Deutsch*, 332 Conn. 590, 606 n.10 (2019) ("[I]n the United States, most jurisdictions, including Connecticut and the federal courts, have merged law and equity courts." (citation omitted)).

And, as indicated above, even accepting as true the conclusory legal assertions contained in the complaint, Arcamone's essential claim—that he is a surety who has rights to the value he paid on behalf of a defaulted debtor (who happens to share the same name but is in fact a different person) or that his signature on the mortgage is evidence of a discharged debt—is factually frivolous, "ris[ing] to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Accordingly, he failed to plead facts sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and the district court properly granted the defendants' motion to dismiss the complaint for failure to state a claim and as frivolous. *Iqbal*, 556 U.S. at 678; *Denton*, 504 U.S. at 32-33 (explaining that a court may dismiss a claim as "factually frivolous" if the pleaded facts are "clearly baseless" or "fanciful" (citations omitted)); *see Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (applying *Denton* to Rule 12(b)(6) motion).

Although "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Nielsen*, 746 F.3d at 62 (citation omitted), granting leave to amend here would have been futile. Arcamone has filed numerous complaints and motions asserting the same claims and seeking the same relief over many years, to no avail. Further amendment would not cure his irrational allegations. *Cf. Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

We have considered all of Arcamone's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4